United States District Court
Southern District of Texas
**ENTERED**
December 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, et al., Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-20-2405 |
| HARRODS EASTBELT, LTD., Defendant. | § § § | |

# MEMORANDUM AND ORDER

Defendant Harrods Eastbelt, Ltd. ("Insured") has invoked the appraisal provision in a policy issued by Plaintiffs Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyd's (collectively, "Insurer"). Insurer asks the Court to require the appraisers to use a specific format for the appraisal, and to select an umpire. The parties have submitted briefing [Docs. # 20, # 21, # 22, and # 23] on these two issues. Having reviewed the record and applicable Texas Supreme Court authority, the Court declines to require an appraisal format beyond that required by the Policy. The Court denies as premature the request to select an umpire.

## I.   BACKGROUND

Insured is the named insured under a Commercial Property Policy issued by Insurer, policy number MPC0500129 (the "Policy"). The Policy covers three buildings located in Channelview, Texas (the "Property"). Insured filed a claim under

the Policy, claiming damage to the Property during Tropical Storm Imelda. Insurer hired an adjuster and engineer to inspect the Property. Insurer's inspectors stated that there was "no covered damage to the roofs of the buildings and no wind-created openings to their exteriors." Insurer's Opening Brief [Doc. # 21], p. 1. Insurer's inspectors stated that "the interior leaks were caused by long-term weathering and deterioration of the roofing membrane, wear and tear, age-related deterioration, ponding, and long-term leaks, all of which are excluded" under the Policy. *Id*. at 1-2.

On May 28, 2020, Insured properly invoked the appraisal provision in the Policy. The appraisal provision states, in relevant part, that each party selects an appraiser, and the "two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction." *See* Policy [Doc. # 19-1], ECF p. 17. The appraisal provision states further that the "appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire." *Id*. Notwithstanding any appraisal, Insurer retains the right to deny Insured's claim. *See id.* at ECF p. 18.

## II. SCOPE AND FORM OF APPRAISAL

Insurer asks the Court to require the appraisers to "state the amount of loss separately for each portion of the property in dispute and for each major building component (for example, roofs, exterior walls and windows, interior water damage,

etc.)." Insurer's Opening Brief, p. 2.  This is beyond the Policy requirement that the appraisers "state separately the value of the property and amount of loss."

In support of its request, Insurer cites *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009).  The *Johnson* case does not support Insurer's request.  As a factual matter, the insurer in *Johnson* determined that some of the roof's shingles were hail-damaged, but others were not.[1]  *See Johnson*, 290 S.W.3d at 887.  In this case, however, Insurer takes the position that there is no covered damage to the Property, obviating the need to distinguish between damage that is covered and damage that is not covered under the Policy.

Additionally, the issue before the Texas Supreme Court in *Johnson* was whether to compel the insurer to participate in the appraisal process, not the form of the appraisal process.  *See id.* at 888.  The Supreme Court held that the insurer was required to participate in the appraisal process, with any issues being resolved after the process was complete.  *See id.* at 895.

Most importantly, the Texas Supreme Court emphasized the propriety of avoiding judicial involvement pre-appraisal.  The Texas Court noted that it had "never

---

[1]  The Order [Doc. # 27 in 2:19-cv-345] issued in *Mt. Hawley Ins. Co. v. Doxa Enters., Ltd.*, 2:19-cv-345 (S.D. Tex. Sept. 25, 2020) (Morales, J.), is similarly distinguishable.  There, as in *Johnson*, the insurer's adjuster found that some damage was covered and other damage was not.  *See Doxa* Complaint [Doc. # 1 in 2:19-cv-345], ¶ 10.

resolved a dispute about the scope of appraisal, or the meaning of 'amount of loss.'" *Id.* at 889. Therefore, the Texas court stated, "in addressing this issue for the first time we keep in mind that appraisals have apparently resolved such matters for many years without our aid." *Id.* "Allowing litigation about the scope of appraisal before the appraisal takes place would mark a dramatic change in Texas insurance practice, and surely encourage much more of the same." *Id.* at 894. Where, as here, the insurer "denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong." *Id*. "Litigating the scope of appraisal is wasteful and unnecessary if the appraisal itself can settle this controversy." *Id*. at 895. Indeed, "even if an appraisal award is flawed, that can be easily remedied by disregarding it later." *Id*. Unless the "amount of loss" will never be in issue, "appraisals should generally go forward without preemptive intervention by the courts." *Id*.

The Policy requires the appraisers to "state separately the value of the property and the amount of loss." *See* Policy [Doc. # 19-1] at ECF p. 17. The Court declines to require the appraisers to use any specific form or software not required by the Policy. Clearly, the appraisers may decide to use a form that enables them to "state separately the value of the property and the amount of loss" is a more useful manner. The Court does not, however, require them to do so.

### III.  UMPIRE

The Policy states unequivocally that if the two appraisers cannot agree, "either may request that [the selection of an umpire] be made by a judge of a court having jurisdiction." *See id.*  In this case, it remains unclear that the two appraisers have declared that they cannot agree on the selection of an umpire.  Moreover, neither appraiser has requested that this Court select the umpire.  As a result, Insurer's request for the Court to select an umpire is premature.

### IV.  CONCLUSION AND ORDER

For the reasons stated above, the Court enforces the appraisal provision of the Policy as written.  Therefore, it is hereby

**ORDERED** that the appraisers "will state separately the value of the property and the amount of loss."  It is further

**ORDERED** that if the appraisers cannot agree on an umpire, either appraiser may request that the selection of the umpire be made by this Court.  It is further

**ORDERED** that this case is **ABATED AND ADMINISTRATIVELY CLOSED** pending completion of the appraisal process.  This abatement and administrative closing do not preclude either appraiser from asking this Court to select an umpire.

SIGNED at Houston, Texas, this **22nd** day of **December, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE